**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-21236 TBM |
| RENT RITE SUPERKEGS WEST, LTD. ) | Chapter 11 |
| DBA Wright Group Events Services, ) | |
| EIN 84-1185909 ) | |
|     Debtor. ) | |

**RESPONSE TO RENT RITE SUPERKEGS WEST, LTD.'S, RENEWED OBJECTION TO PROOF OF CLAIM NO. 15-1 AND UNOPPOSED MOTION TO HOLD RENT RITE SUPERKEGS WEST, LTD.'S, RENEWED OBJECTION TO PROOF OF CLAIM NO. 15-1 IN ABEYANCE**

Tom H. Connolly, in his capacity as chapter 7 trustee in the bankruptcy cases of Don Richard Iley, case number 15-23985-EEB, and Iley & Associates, Inc., case number 15-23986-EEB, through counsel, files his Response to Rent Rite Superkegs West, Ltd., Renewed Objection to Proof of Claim No. 15-1 and Motion to Hold Rent Rite Superkegs West, Ltd., Renewed Objection to Proof of Claim No. 15-1 in Abeyance, as follows:

## THE ILEY BANKRUPTCY CASES

1.    On December 28, 2015, creditors filed involuntary chapter 7 petitions against Don Richard Iley and Iley & Associates, Inc., which commenced case number 15-23985-EEB and 15-23986-EEB (the "Iley Bankruptcies"). [Docket No. 1 in 15-23985; Docket No. 1 in 15-23986]. Prior to a ruling on the involuntary petitions, Don Iley and Iley & Associates moved to convert the Iley Bankruptcies to cases under chapter 11 [Docket No. 10 in 15-23985; Docket No. 11]. On January 26, 2016, the Court entered orders converting the Iley Bankruptcies to chapter 11 and entered orders for relief. [Docket No. 35 in 15-23985; Docket No. 22 in 15-23986].

2.    On February 11, 2016, the Court entered an order jointly administering the Iley Bankruptcies. [Docket No. 64 in 15-23985].

3. On May 11, 2016, the Court entered orders converting the Iley Bankruptcies to chapter 7. [Docket No. 260 in 15-23985; Docket No. 91 in 15-23986]. Also on May 11, 2016, Tom H. Connolly was appointed trustee in the Iley Bankruptcies. [Docket No. 261 in 15-23985; Docket No. 92 in 15-23986].

4. On November 16, 2016, the Court entered an order substantively consolidating the assets and liabilities of the estates in the Iley Bankruptcies. [Docket No. 478 in 15-23985].

## SUMMARY OF CONNOLLY'S CLAIM

5. Don Iley and Iley & Associates provided payroll processing services to Rent Rite Superkegs West, Ltd., from 2013 through 2015. On October 9, 2015, Don Iley wrote a check to cash from Iley & Associates account number 4136 in the amount of $690,207.12 to purchase a cashier's check in the amount of $690,200.12 (the "Transfer") that was payable to Tom Wright, for the benefit of Rent Rite. Connolly filed his complaint to recover the amount of the Transfer under 11 U.S.C. §§ 547 and 548 against Rent Rite Superkegs West, Ltd. ("Rent Rite"), and Tom Wright on November 7, 2017, commencing case number 17-01522-EEB (the "Adversary Proceeding"). A copy of the complaint is attached to the proof of claim and Connolly incorporates it into this response.

## ARGUMENT

6. Rent Rite argues that Connolly's claim in this case should be disallowed because the money paid to Tom Wright for the benefit of Rent Rite was not "property of the debtor" as that phrase is used in 11 U.S.C. §§ 547 and 548. Connolly disagrees with Rent Rite's argument. However, the allowance or disallowance of Connolly's claim in this case depends entirely on the outcome of Adversary Proceeding, and the dispute between Connolly and Rent Rite can be most efficiently resolved in the Adversary Proceeding.

7.      Connolly filed a total of twenty adversary proceedings to recover transfers made from Iley & Associates. In ten of the adversary proceedings, the defendants filed motions to dismiss or motions for summary judgment[1] in which the defendants make the same argument Rent Rite makes in support of its objection to Connolly's claim. The motions are fully briefed in all the adversary proceedings, and the parties are awaiting a ruling. No scheduling order has entered in any of the adversary proceedings.

8.      A table identifying the adversary proceedings Connolly commenced in connection with the Iley Bankruptcies is attached as **Exhibit A**. The basis for Connolly's disagreement with Rent Rite's argument is in the response to a motion to dismiss in one of the Iley adversary proceedings, a copy of which is attached as **Exhibit B**. A number of the defendants in the Iley adversary proceedings, including Tom Wright, referred to and incorporated the briefs and arguments of other defendants, rather than repeating them. Thus, Exhibit B is Connolly's response to a motion to dismiss that was incorporated by Tom Wright in the Adversary Proceeding.

9.      Rent Rite's objection to Connolly's claim can be most efficiently resolved in the Adversary Proceeding. If Tom Wright's motion for summary judgment in the Adversary Proceeding is not granted, Connolly anticipates that the Iley adversary proceedings will have joint procedures that make resolving any additional issues in the Adversary Proceeding most efficient for Connolly and Rent Rite. Connolly anticipates filing a motion for relief from stay to proceed in the Adversary Proceeding against Rent Rite. As a result, Connolly asserts that the claim objection should be held in abeyance until the Adversary Proceeding is resolved.[2]

---

[1] The motions for summary judgment were filed by defendants who had filed answers. Tom Wright filed a motion for summary judgment in the Adversary Proceeding.

[2] Connolly anticipates the abeyance would not affect Rent Rite's ability to have Connolly's claim estimated, if necessary.

10. Counsel for Connolly has conferred with counsel for Rent Rite on this matter. Rent Rite does not oppose resolving the substantive issues regarding the objection to Connolly's claim in the Adversary Proceeding.

WHEREFORE, Connolly requests that the Court enter an Order: (a) holding Rent Rite's Objection to Proof of Claim No. 15-1 in abeyance, (b) directing Rent Rite and Connolly to file a status report or other pleading on the progress of the Adversary Proceeding within 90 days from the date of an Order holding the objection to claim in abeyance; and (c) granting such other relief as the Court deems proper.

Dated: June 11, 2018    Respectfully submitted,

**ONSAGER | FLETCHER | JOHNSON, LLC**

 *s/ Andrew D. Johnson*
   Andrew D. Johnson, #36879
   Gabrielle G. Palmer, #48948
1801 Broadway, Suite 900
Denver, Colorado 80202
Ph: (720) 457-7061
Fax: (303) 512-1129
ajohnson@OFJlaw.com
gpalmer@OFJlaw.com

*Counsel for Tom H. Connolly as Chapter 7 Trustee in In re Iley, 15-23985 and In re Iley & Assocs., 15-23986*

## CERTIFICATE OF MAILING

      I hereby certify that on June 11, 2018, I served a complete copy of this RESPONSE TO RENT RITE SUPERKEGS WEST, LTD., RENEWED OBJECTION TO PROOF OF CLAIM NO. 15-1 AND MOTION TO HOLD RENT RITE SUPERKEGS WEST, LTD., RENEWED OBJECTION TO PROOF OF CLAIM NO. 15-1 IN ABEYANCE on the following parties (and any and all parties who have requested electronic notice through the court's CM/ECF system) in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

    Attorney James L. Aab; via CM/ECF
    Attorney Robert J. Bruce; via CM/ECF
    Attorney Shaun A. Christensen; via CM/ECF
    Attorney Phillip Jones; via CM/ECF
    Attorney Alan K. Motes; via CM/ECF
    Attorney Marcus L. Squarrell; via CM/ECF
    Attorney Patrick D. Vellone; via CM/ECF
    Attorney Jeffrey Weinman; via CM/ECF

                                      By:    *s/ Misty L. Schlabaugh*
                                                  Misty L. Schlabaugh