UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re: )
)
RENT RITE SUPERKEGS WEST, LTD. ) Case No. 17-21236 TBM
DBA Wright Group Event Services ) Chapter 11
EIN 84-1185909 )
)
Debtor. )

**MOTION TO SELL DEBTOR'S INTEREST IN CERTAIN REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES, TO PAY LIEN HOLDER(S) ACCORDING TO PRIORITY OF LIEN(S), AND CLOSING COSTS AT CLOSING ON SALE OF REAL PROPERTY, TO COMPENSATE REAL ESTATE BROKER FROM SALE OF REAL PROPERTY, AND FOR AUTHORITY TO ENTER INTO POST-CLOSING LEASE**

Debtor-in-Possession, Rent Rite SuperKegs West, Ltd. ("Debtor"), through its counsel Weinman & Associates, P.C., moves this Court for an order authorizing the Debtor to sell its interest in certain real property free and clear of liens and encumbrances, to pay lien holder(s) in full according to priority of lien(s), and closing costs at closing on sale of real property, to compensate real estate broker from the sale of such real property, and for authority to enter into a post-closing lease with Purchaser of the Real Property. In support of its motion, the Debtor states as follows:

1. The Debtor filed its voluntary Chapter 11 bankruptcy petition on December 11, 2017.

2. Since the date of the filing of its Chapter 11 bankruptcy case, the Debtor has remained in possession of its assets and has operated its business and managed its financial affairs as a Debtor-in-Possession pursuant to 11 U.S.C. §§1107 and 1108.

3. The Debtor owns certain real property identified as Lots 8 through 31, Block 1, Colfax Square, and the west 10 feet of Akron Street adjacent thereto, vacated by virtue of Ordinance No. G1-4 of the City of Aurora recorded January 24, 1964 in Book 1492 at Page 240, County of Arapahoe, State of Colorado, also known as 1400 Yosemite Street, Denver, Colorado 80220 ("Real Property"). The Real Property consists of land plus two (2) buildings encompassing approximately 1.86 acres of land. The Real Property is encumbered as follows: Arapahoe County Treasurer's Office, $48,810.00; Bank of Lake Mills, unknown; Maria del Carmen Contraras, Rosa Botello Hernandez, Joaquin Espinoza Bailon, Alfonso Madera, and Gerardo Cisneros together (collectively "the Individuals"), $300,000.00; Yosemite Management, LLC, $1,963,106.00 (Yosemite Management, LLC's deed of trust is to an Insider and represents a carry back loan which made acquisition of the

       property possible. Yosemite Management, LLC is owned by Tom Wright); and World Business Lenders, LLC, $658,653.00 (Assignee of Bank of Lake Mills). It is anticipated that the holders of these secured claims, except as set forth below, will be paid from the proceeds of the sale upon Court approval of their claims. The claim of World Business Lenders, LLC is currently in dispute and there appears to be a dispute with respect to the proper amount of the claim of the Individuals. Prorated property taxes and the Yosemite Management deed of trust will be paid at closing. The balance of the proceeds shall be escrowed pending further order of the Court.

4. On September 13, 2018, the Debtor entered into a Purchase and Sale Agreement ("Sale Agreement") wherein the Debtor agrees to sell and the Purchaser, Flywheel Capital, LLC ("Purchaser"), agrees to purchase the Real Property for a total purchase price of $4,200,000.00. The Purchaser is not an Insider of the Debtor.

5. In connection with the sale of the Real Property, the Debtor entered into an Exclusive Right to Sell Listing Contract with NAI Shames Makovsky, located at 1400 Glenarm Place, Suite 100, Denver, CO 80202 (the "Broker"). The Exclusive Right to Sell Listing Contract provides for a real estate commission to be paid to the Broker in the amount of 5% to 6% of the gross sale price. On February 28, 2018, the Court entered an Order approving the employment of NAI Shames Makovsky as real estate Broker for the Chapter 11 estate to sell the Debtor's Real Property.

6. The sale price for the Real Property is $4,200,000.00. A real estate commission of 6% of the gross sale price is equivalent to $252,000.00.

7. A copy of the Sale Agreement is attached hereto and incorporated herein by this reference as Exhibit "A".

8. Generally, the terms of the Sale Agreement are as follows:

    a. The date of the Sale Agreement is September 13, 2018.

    b. The purchase price of the Real Property is $4,200,000.00, subject to customary adjustments and prorations.

    c. The purchase price shall be paid by the payment of an initial $40,000.00 deposit, and immediately available funds for the balance at the closing on the sale of the Real Property.

    d. The Sale Agreement provides for a closing on the sale of the Real Property on the date that is thirty (30) days after the expiration of the Inspection Period (estimated to be January 15, 2019).

    e. The Debtor will lease the Real Property from the Purchaser pursuant to a

      lease back agreement as further described in paragraph 15 below.

    f.    The sale of the estate's interest in the Real Property is subject to approval by the Bankruptcy Court.

9.    The above represents a summary of the terms of the Sale Agreement. Parties should review Exhibit "A" attached hereto for a complete understanding of the terms of the Sale Agreement. Any inconsistency between the above description of the terms of the Sale Agreement and the actual terms of the Sale Agreement shall be resolved pursuant to the actual terms of the Sale Agreement which shall control in all instances.

10.   The Debtor is requesting that the Real Property identified herein above be sold free and clear of liens and encumbrances pursuant to 11 U.S.C. §363(f) and that the proceeds from the sale of the Real Property be utilized to pay the holders of disputed secured claims only upon further order of the Court with respect to the disputed claims.

11.   Unpaid real property taxes, real estate commission, closing costs, appropriate pro-rated post-petition real property taxes, and the Yosemite Management deed of trust will be paid at closing.

12.   Yosemite Management intends to use its proceeds to acquire a new facility for use by the Debtor. If Yosemite Management is not permitted to utilize the proceeds for this purpose, the Debtor may be unable to continue to operate as it cannot afford independently to set aside funds for payment to creditors and buying, or even qualifying to buy, a new facility.

13.   The Debtor will pay an appropriate Chapter 11 quarterly fee to the U.S. Trustee's Office commensurate with the sale price of the Real Property and the disbursements made from the proceeds from the sale of the Real Property in the ordinary course of business of the Debtor during the pendency of its Chapter 11 proceeding.

14.   The Debtor further requests that the Court approve the sale of the Real Property and that any order entered by the Court reflect that the Real Property will be delivered to the Purchaser free and clear of any and all liens, claims and encumbrances.

15.   The Debtor further requests that the Court make a finding pursuant to the provisions of 11 U.S.C. §363(m), that the Purchaser is purchasing the Real Property in good faith.

16.   Pursuant to the terms of the Listing Contract entered into between the Debtor and NAI Shames Makovsky as a Broker employed to represent the Debtor in the sale

        of the estate's interest in the Real Property, the Debtor has agreed to pay the Broker a real estate commission of 5% to 6% of the gross sales price of the Real Property. At a sale price of the Real Property of $4,200,000.00, and a real estate commission of 6% of the gross sale price, the Debtor is requesting that it be authorized to pay the Broker a real estate commission of $252,000.00 (which amount represents 6% of $4,200,000.00).

17. The Debtor is informed and believes based upon the guidelines provided by the office of the U.S. Trustee with respect to appropriate quarterly fees payable to the office of the U.S. Trustee with respect to disbursements made by the Debtor in its Chapter 11 bankruptcy proceeding and with respect to the sale of the Real Property that the amount of the quarterly fee owing to the office of the U.S. Trustee will be $10,400, calculated on a disbursement which represents the disbursements to the holders of allowed secured claims, unpaid real property taxes, real estate commission, and closing costs. The Debtor will pay such amount to the Office of the U.S. Trustee in the ordinary course of the Debtor's business during the pendency of its Chapter 11 proceeding.

18. In connection with and as part of the Sale Agreement, the Debtor and the Purchaser have agreed to enter into a lease back agreement wherein the Purchaser has agreed to lease the Real Property to the Debtor pursuant to a triple net lease. The term of the lease will be for a period of not less than six (6) months from closing and no more than nine (9) months from closing. The base rent shall be $15,000 per month and the Debtor shall pay the Purchaser a security deposit of $30,000, payable from the proceeds from the sale of the Real Property. A copy of the Lease Agreement is attached to the Sale Agreement (Exhibit "A" hereto) as Exhibit H.

19. The sale of the Debtor's Real Property is beneficial to the estate because it will result in the receipt of a minimum of approximately $957,031, and probably as much as $1.5 million, in net proceeds to the estate and satisfaction of approximately $2,970,569 of secured debt owed by the estate. The net proceeds will be utilized by the Debtor to formulate a Plan of Reorganization and to pay its creditors.

        WHEREFORE, for reasons as set forth above, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to sell the Real Property identified on Exhibit "A" attached hereto, free and clear of liens and encumbrances and finding that the Purchaser is purchasing the Real Property in good faith pursuant to 11 U.S.C. §363(m); that the Debtor be authorized to disburse the proceeds from the sale of the Real Property at the closing on the sale of the Real Property as provided for herein; that the Debtor be authorized to pay the Real Estate Broker a commission as set forth pursuant to the terms of the Exclusive Right to Sell Listing Contract at a closing on the sale of the Real Property; that the Debtor be authorized to enter into the Post-Closing Lease with the Purchaser of the Real Property; and for such further relief as is set forth above and as otherwise ordered by this Court.

DATED: September 27, 2018

Respectfully Submitted,

WEINMAN & ASSOCIATES, P.C.


By: /s/ Jeffrey A. Weinman
      Jeffrey A. Weinman, #7605
      730 17th Street, Suite 240
      Denver, CO 80202-3506
      Telephone: (303) 572-1010
      Facsimile: (303) 572-1011
      jweinman@weinmanpc.com

**9013-1 CERTIFICATE OF SERVICE OF MOTION, NOTICE AND PROPOSED ORDER**

The undersigned certifies that on September 27, 2018 I served by prepaid first class mail a copy of the **MOTION TO SELL DEBTOR'S INTEREST IN CERTAIN REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES, TO PAY LIEN HOLDER(S) ACCORDING TO PRIORITY OF LIEN(S), AND CLOSING COSTS AT CLOSING ON SALE OF REAL PROPERTY, TO COMPENSATE REAL ESTATE BROKER FROM SALE OF REAL PROPERTY, AND FOR AUTHORITY TO ENTER INTO POST-CLOSING LEASE**, notice and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED.R.BANKR.P. and these L.B.R. at the following addresses:

Alan K. Motes, Esq.
U.S. Trustee's Office
1961 Stout St., Ste. 12-200
Denver, CO 80294

Rent Rite SuperKegs West, Ltd.
Attn: Thomas S. Wright, President
1400 Yosemite Street
Denver, CO 80220

Marcus L. Squarrell, Esq.
Lewis, Bess, Williams & Weese P.C.
1801 California St., Ste. 3400
Denver, CO 80202

Andrew D. Johnson, Esq.
Onsager Fletcher Johnson
1801 Broadway, Suite 900
Denver, CO 80202

Phillip J. Jones, Esq.
Williams, Turner & Holmes, P.C.
744 Horizon Court, Suite 115
Grand Junction, CO 81506

Robert J. Bruce, Esq.
RJB Lawyer, LLC
1543 Champa St., Ste. 400
Denver, CO 80202

Jose Talamantes
c/o James L. Aab, Esq.
5950 S. Willow Drive
Suite 304
Greenwood Village, CO 80111

Tom Connolly
Chapter 7 Trustee of Bankruptcy
Estate of Don Richard Iley
950 S. Spruce St., Ste. 1C
Louisville, CO 80027

DKW LLC dba Trojan Labor
3117 N. Hancock Ave.
Colorado Springs, CO 80907

Shaun A. Christensen, Esq.
1624 Market Street
Suite 310
Denver, CO 80202
*Counsel for Unsecured Creditors' Committee*

/s/ Lisa R. Kraai